IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michelle Helton, | : |
| | : |
| Plaintiff, | : Civil Action No.: 3:14-163-MBS |
| | : |
| v. | : **COMPLAINT AND DEMAND FOR** |
| | : **JURY TRIAL** |
| Bluestem Brands, Inc. d/b/a Gettington.com, | : |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Michelle Helton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Michelle Helton ("Plaintiff"), is an adult individual residing in Columbia, South Carolina, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Bluestem Brands, Inc. d/b/a Gettington.com ("Bluestem"), is a Minnesota business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

5.  Within the last year, Defendant called Plaintiff on her cellular telephone.

6.  At all times mentioned herein, Defendant placed calls to Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7.  When she answered Defendant's calls, Plaintiff heard a pre-recorded message that requested that she hold for the next available representative. After holding as requested, Plaintiff would eventually be connected with a representative of the Defendant.

8.  At all times, Defendant placed calls in an effort to collect on a debt allegedly due from Plaintiff.

9.  During a conversation on or about November 14, 2013, Plaintiff requested Defendant cease the frequent ATDS calls to her cell phone as they were extremely harassing.

10. Nonetheless, Defendant placed over twenty additional ATDS calls to Plaintiff.

11. If at one time Defendant had obtained Plaintiff's consent to place calls to her cellular telephone, it no longer had consent after Plaintiff expressly and unambiguously requested that the calls cease.

12. The calls from Defendant were not placed for emergency purposes.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, *et seq.***

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2

14. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

15. Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

18. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 21, 2014

          Respectfully submitted,

By: _____

Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

<u>Of Counsel To</u>
LEMBERG LAW, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237

4